# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | CIVIL ACTION |
| ) | NO. 05-40037-FDS |
| BOULA LONA SISOMPENG, ) | |
| Defendant ) | |

## ORDER RE: APPOINTMENT OF COUNSEL
### April 15, 2011

**HILLMAN, M.J.**

### Nature of the Proceeding

By Order of Reference dated December 30, 2010, this matter has been referred to me for a determination of whether counsel should be appointed for the Defendant, Boula Lona Sisompeng ("Sisompeng"), in connection with his *Motion For Reduction Of Sentence in Light Of The November 1st 2010 Amendments To The U.S.S.G.* (Docket No. 371)[1].

### Background

On January 31, 2007, Sisompeng pled guilty to Conspiracy to Possess With Intent to Distribute and Distribution of 3,4 Methylenedioxyamphetamine (MDA) and 3,4

---

[1] On February 16, 2011, Sisompeng filed a *Motion For Reduction Of Sentence Under Fair Sentencing—2010* (Docket No. 375) in which he asserted additional bases for seeking reduction of his sentence. Hereafter, I will refer to the motions, collectively, as the "*Motion for Reduction of Sentence*".

Methylenedioxymethamphetamine (MDMA) a/k/a Ecstasy. On May 21, 2007, Sisompeng was sentenced to 108 months incarceration and three years supervised release. On April 14, 2001, Sisompeng filed a *Motion for Sentence Adjustment* (Docket No. 360), in which he asserted that due to his status as a resident alien, he was subject to harsh collateral consequences, *i.e.*, he is ineligible for placement in a halfway house as he nears the end of his sentence. He argued that the Court should, therefore, use its discretionary powers to reduce his sentence. The motion was denied. *See Order on Defendant's Motion For Sentence Adjustment* (Docket No. 362).[2]

On August 3, 2010, the Fair Sentencing Act, Pub. L No. 111-220 ("FSA"), was signed into law. The FSA reduced the statutory penalties for crack cocaine trafficking and eliminated the mandatory minimum sentence for simple possession of crack cocaine. On April 6, 2011, the U.S. Sentencing Commission promulgated a permanent amendment to the Federal Sentencing Guidelines implementing the provisions of the Act; the amendment will have an effective date of November 1, 2011. However, the U.S. Sentencing Commission has yet to determine whether the amendment should apply retroactively.

## Discussion

Sisompeng has filed a motion for reduction of his sentence, pursuant to 18 U.S.C. §3582(c)(2). Sisompeng asserts that the Act eliminated mandatory minimum sentences in applicable cases and that in order to achieve "consistency" within the Act, he should be eligible for a reduction in sentence. Sisompeng further asserts that the 2010 Federal Sentencing

---

[2] Judge Saylor held that the Court was without power to modify Sisompeng's sentence, citing 18 U.S.C. § 3582(c). Furthermore, to the extent that Sisompeng was asserting a constitutional claim, Judge Saylor held that the Court could not *sua sponte* unilaterally recharacterize his motion as a petition pursuant to 28 U.S.C. §2255, which, in any event, would likely be time barred. *See* Order on Defendant's Motion For Sentence Adjustment (Docket No. 362). Sisompeng did not re-file his motion as a petition under Section 2255.

2

Guidelines provided a greater range of sentencing options, specifically, downward variances relating to age, drug abuse, mental condition, emotional circumstances, education and profession, military service and cultural assimilation, which, if applied in his case, would result in a lower sentence. Finally, Sisompeng asserts that recent amendments to the sentencing guidelines would somehow favorably effect his sentence to the extent that the Government, presumably the Bureau of Prisons, has violated his plea agreement by placing him in a facility which is more than 500 miles from his home, refused to provide him access to a drug and alcohol program and subjected him to harsher and more severe confinement due to his alien status. *See Motion For Reduction of Sentence.*

All of the Circuit Courts of Appeal that have addressed the issue have held that there is no statutory or constitutional right to counsel in a Section 3582(c)(2) proceeding. *See* ; *United States v. Harris*, 568 F.3d 666 (8th Cir. 2009); *United States v. Webb*, 565 F.3d789 (11th Cir. 2009). However, courts retain the discretion to appoint counsel and at least one Circuit Court has suggested that given the increasing complexity of issues raised under Section 3582(c), there are cases in which appointing counsel would be appropriate, in the interest of justice. *See United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008). For the reasons set forth below, I find that the interest of justice do not require appointment of counsel in this case.

First, Sisompeng was convicted of conspiracy to possess with intent to distribute and distribution of ecstacy-- the Act and the implementing amendment to the guidelines deal solely with sentencing disparity between cocaine powder and cocaine base. In other words, the Act

3

does not change the sentencing range for crimes involving drugs other than crack cocaine.[3] Second, the recent amendments to the guidelines cited by Sisompeng dealing with downward variances *do not* apply retroactively. Lastly, to the extent that Sisompeng is asserting that his plea agreement is being violated and he is being treated more harshly because he is a resident alien, his remedy, if there is one available, would not pursuant to Section 3582(c). Under these circumstances, I find that Sisompeng is not entitled to appointment of counsel.

## Conclusion

This matter has been referred to me for a determination of whether counsel should be appointed to represent Boula Lona Sisompeng in this matter. I find that Boula Lona Sisompeng is not entitled to appointed counsel.

/s/ Timothy S. Hillman
**TIMOTHY S. HILLMAN**
**MAGISTRATE JUDGE**

---

[3] Even if it did, the U.S. Sentencing Commission has not determined that the guideline changes should be applied retroactively, and therefore, Sisompeng's motion would be premature.

4